NOT DESIGNATED FOR PUBLICATION

No. 129,872

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEFFREY DOUGLAS MASTERSON,
*Appellant*,

v.

JEFF ZMUDA, SECRETARY OF CORRECTIONS, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

*Jeffrey Masterson*, appellant pro se.

*Fred W. Phelps, Jr.*, deputy chief legal counsel, Kansas Department of Corrections, for appellees.

Before WARNER, C.J., HILL and BRUNS, JJ.

HILL, J.: Prisoner Jeffrey Douglas Masterson appeals the summary dismissal of his habeas corpus petition. Masterson fails to show us any error in the district court's dismissal order, nor does he reveal any error in the court's subsequent denial of his motions to reconsider and reinstate his petition. Thus, we affirm.

In state court, the only avenue for a prisoner to obtain habeas corpus relief from some adverse action taken by state authorities is to timely petition for such relief. Under K.S.A. 60-1501(b), an inmate has 30 days from the date of any final action to petition for any relief. But before making a proper claim for relief, the inmate must show that they

1

exhausted all available administrative remedies before filing that petition. The district court ruled in this case that Masterson did not timely file his petition and did not demonstrate he had exhausted his administrative remedies.

*The prisoner review board found that Masterson had violated the conditions of his parole.*

The Kansas Prisoner Review Board issued a decision on November 14, 2024, finding Masterson violated the conditions of his parole. Masterson asserts his parole officer required him to have GPS monitoring as a result, although that is not evident from his petition or its attachments. Masterson filed a petition for relief under K.S.A. 60-1501 in the Shawnee County District Court on January 10, 2025. He subsequently filed an amended petition in June 2025.

Masterson did not stay in one place. The district court noted Masterson had originally filed his petition from a Shawnee County address, but his amended petition reflected he was in custody in Leavenworth County. Accordingly, the district court transferred venue to Leavenworth County. But Masterson then filed numerous motions and pleadings in both Shawnee and Leavenworth County seeking to amend or supplement his petition. Finally, Masterson was released from custody in June 2025 and asked that the case be transferred back to Shawnee County as he would be living there upon his release. Ultimately, the Shawnee County District Court dismissed his petition as untimely and ruled that he had failed to exhaust his administrative remedies.

Many motions and pleadings from Masterson followed, about 450 pages in the record. No relief was granted on any of them. The Shawnee County District Court denied Masterson's motions to reconsider and reinstate his petition. The district court found that even if the petition had been timely, Masterson had not shown he exhausted his administrative remedies.

When it came up that Masterson may have to return to custody in Leavenworth County, the district court relied on a decision from another panel of this court in *Stringer v. State*, No. 125,265, 2023 WL 4983128, at *3 (Kan. App. 2023) (unpublished opinion), and found it would be futile to transfer the motion, as it would have to be dismissed by any court as untimely and for failure to exhaust administrative remedies.

Masterson appeals. Without benefit of counsel he raises nine issues on appeal. They boil down to two points:

(1) His petition was not untimely because he did not receive the Board's decision until December 10, 2024. In his view, the 30-day time limit should start from that date. In addition, because the Shawnee County District Court was closed due to weather conditions on January 6 and January 7, 2025, the time limit should have been extended to January 10, 2025.

(2) Further exhaustion of administrative remedies would have been futile and his previous efforts in pursuing administrative remedies for a prior parole violation should entitle consideration of the merits of his claim.

The appellee's response is simple. Zmuda argues Masterson's petition was untimely and he failed to establish exhaustion of administrative remedies.

*We affirm the district court's dismissal.*

Masterson filed his petition on January 10, 2025, challenging the Board's decision on November 14, 2025. At no point in his original petition did he show the date the decision was received, nor is that evident from the attachments to his petition. Masterson attached the Board's decision but failed to include or explain anything to demonstrate he pursued and exhausted administrative remedies following the Board's decision. The other

3

attachments to his petition are inmate grievances filed in October 2024 and an email to his parole officer sent in August 2023. Neither show the date he received notice of the Board's decision.

Many of Masterson's arguments are incomprehensible, irrelevant, and immaterial. But the premise of his argument is that the 30-day period to file his petition for habeas corpus relief should have started running on December 10, 2024. While there is no clear indication that is the date he received the Board's order, his petition was filed on January 10, 2025. That is still more than 31 days after the Board's order on November 14, 2024.

Masterson's argument is also based on the mistaken premise that the closure of the district court on January 6 and 7, 2025, extended the time limit. Without meaningful analysis, he asserts: "K.S.A. 60-206(a)(3) automatically extends the deadline to the first accessible business day—January 10th, 2025, when Petitioner found an available friend with a 4x4 who could safely transport him to the courthouse and back."

His argument ignores the plain language of K.S.A. 60-206(a)(3)(A): "Unless the court orders otherwise, if the clerk's office is inaccessible . . . [o]*n the last day for filing under subsection (a)(1)*, then the time for filing is extended to the first accessible day that is not a Saturday, Sunday or legal holiday." (Emphasis added.) The last day for filing was Thursday, January 9, 2025. The Clerk's office was not inaccessible due to weather that day, nor was it a "Saturday, Sunday or legal holiday." See K.S.A. 60-206(a)(3)(A). Masterson's timeliness argument fails even under his questionable premise for the triggering date.

Going on, Masterson's exhaustion argument is contrary to well-settled law. The exhaustion requirement of K.S.A. 75-52,138 is strictly enforced in K.S.A. 60-1501 proceedings. See *Sperry v. McKune*, 305 Kan. 469, 482-83, 384 P.3d 1003 (2016); *Laubach v. Roberts*, 32 Kan. App. 2d 863, 868-69, 90 P.3d 961 (2004).

4

Moreover, many of Masterson's arguments—which we characterize as equitable grounds to excuse the exhaustion requirement—are conclusory, and are premised on an assumption that his substantive complaints actually amount to a violation of constitutional stature. As Zmuda points out, disagreements about the conditions of parole are generally not constitutional claims. Kansas law recognizes that parolees are subject to numerous special conditions on parole and the Board has wide-ranging authority to make appropriate orders. See K.S.A. 2024 Supp. 22-3717(k), (m). Here, Masterson puts the cart well ahead of the horse.

The majority of Masterson's arguments either lack clear citation to the record or cite to matters raised in his various supplemental pleadings, motions to reconsider, and so forth. K.S.A. 75-52,138 requires inmates to establish that they exhausted available administrative remedies *in their original petition*. When an inmate fails to do so, the petition must be dismissed. *Boyd v Werholtz*, 41 Kan. App. 2d 15, 19, 203 P.3d 1 (2008).

Masterson fails to demonstrate any error in the district court's order of dismissal and its subsequent denial of his motions to reconsider and reinstate his petition. Even if his petition should not have been dismissed for failure to demonstrate exhaustion of administrative remedies, it was still correctly dismissed as untimely.

Affirmed.